Philip Plotnick and Esther Plotnick, * Individually and as Husband and Wife v. Commissioner. Plotnick v. Commissioner
Docket Nos. 15151, 15390-15392.
United States Tax Court
T.C. Memo 1955-278; 1955 Tax Ct. Memo LEXIS 59; 14 T.C.M. (CCH) 1084; T.C.M. (RIA) 55278; October 17, 1955
*59 William A. Schmitt, Esq., for the respondent. ATKINS
Memorandum Opinion ATKINS, Judge: Docket No. 15151 involves deficiencies and penalties determined by the respondent against Philip Plotnick and Esther Plotnick, husband and wife, as follows: 50% Addition
to Tax
Year
Income Tax
Sec. 293(b)
1943
$24,116.65
$13,607.33
1944
45,114.20
22,557.10 These taxes and penalties were the subject of a jeopardy assessment. Docket No. 15391 involves an additional deficiency and penalty determined by the respondent against Philip Plotnick and Esther Plotnick, husband and wife, as follows: 50% Addition
to Tax
Year
Income Tax
Sec. 293(b)
1944
$14,412.90
$7,206.45 This was also made the subject of a jeopardy assessment. Docket No. 15390 involves the liability of Esther Plotnick, as transferee of the assets of Pioneer Mills, Inc., for taxes and penalties determined by the respondent as follows: Tax Deficiencies
50%
Declared Value
Addition
Excess
Excess
to Tax
Year
Income
Profits
Profits
Sec. 293(b)
1942
$ 838.75
1943
1,574.88
$ 787.44
$51,991.32
25,995.66
$276,470.59
138,235.30
1944
89,534.27
44,767.13
430,378.34
215,189.17
*60 Docket No. 15392 involves the transferee liability of Philip Plotnick as transferee of the assets of Esther Plotnick for the same taxes and penalties of Pioneer Mills, Inc. as are involved in Docket No. 15390. When these proceedings came on for hearing there was no appearance by or on behalf of the petitioners. In each case, prior to the hearing, there had been filed by the petitioners, and had been granted, a motion that the petitioners' reply to the respondent's answer which had theretofore been filed be withdrawn and that the allegations in the respondent's answer be deemed admitted. At the hearing additional evidence submitted by counsel for the respondent consisted only of the deficiency notice addressed to Esther Plotnick, transferee; the deficiency notice addressed to Philip Plotnick, transferee; the deficiency notices addressed to Philip and Esther Plotnick, husband and wife; the income tax returns of Philip and Esther Plotnick for the years 1943 and 1944; and the income and declared value excess profits tax returns of Pioneer Mills, Inc. for the years 1942, 1943, and 1944. At the hearing counsel for the respondent moved for judgment upon the pleadings. In Docket No. *61 15390 he moved that an order be entered that there is a liability due from the petitioner, Esther Plotnick, as transferee of the assets of Pioneer Mills, Inc. for income and declared value excess profits taxes and excess profits taxes and penalties as shown by the deficiency notice, plus statutory interest thereon. He made the same motion with regard to the petitioner Philip Plotnick, as transferee of the assets of Esther Plotnick. He also moved that judgment be entered in Docket Nos. 15151 and 15391, against Philip and Esther Plotnick, for the years 1943 and 1944 in respect of their individual income tax liabilities and fraud penalties, in the amounts set forth in the notices of deficiencies, together with interest as provided by law. The taxpayers not having appeared at the hearing, and not having introduced any evidence to overcome the presumption in favor of the correctness of respondent's determination of the deficiencies in tax involved in Docket Nos. 15151 and 15391 against Philip and Esther Plotnick for the years 1943 and 1944, the respondent's determination in this respect is sustained. In the answers filed in Docket Nos. 15151 and 15391, the respondent affirmatively alleged *62 that returns filed by the petitioners for the years 1943 and 1944 were false and fraudulent in that petitioners wilfully and knowingly and with intent to defeat or evade the payment of taxes, understated their taxable income on the respective returns by failing to report withdrawals of earnings and profits from Pioneer Mills, Inc. in the amounts of $47,965.89 and $80,206.13, respectively, and by failing to report dividends from corporations other than Pioneer Mills, and interest in the respective amounts of $425.98 and $5,279.65; that failure to report the above items resulted in the understatement of tax on each of said returns of many thousands of dollars. Respondent further alleged in the answer that all or part of the deficiency for each of the taxable years 1943 and 1944 was due to fraud with intent to evade tax and that petitioners are liable for the 50% additions to such deficiencies as provided by statute. All these allegations are admitted by the petitioners as a result of the motions above referred to which were granted. It is, therefore, found as a fact that the returns filed by the petitioners for the years 1943 and 1944 were false and fraudulent with intent to evade tax *63 and that a part of each deficiency is due to fraud with intent to evade tax. Accordingly, the respondent's determination of both the deficiencies and penalties is approved. In this connection it should be noted that no question has been raised as to the propriety of the second notice of deficiency for 1944. See section 272(f) of the Internal Revenue Code of 1939. In his answer in each of Docket Nos. 15151 and 15391, the respondent further alleged affirmatively that if the petitioners realized profit on the sale of their stock of Pioneer Mills, Inc. as indicated by the allegations of the petition, or any substantial amount in excess of that reported, then an additional deficiency in tax is due from them for 1944 over and above the deficiencies proposed in the notices of April 8, 1947, and May 8, 1947, that such increased deficiency is due to fraud with intent to evade tax and that petitioners are liable for a penalty of 50% of such increased deficiency. Since, however, the respondent did not issue a notice of deficiency in regard to these additional amounts and since there was no evidence submitted establishing any additional deficiency, and since in his answer the respondent denied *64 the allegations in regard to this subject contained in the taxpayers' petition, no additional deficiency or fraud penalty will be included in the decision on this account. In Docket Nos. 15390 and 15392, the respondent in his answer alleged that for the taxable year 1943 Pioneer Mills, Inc. made and filed with the collector of internal revenue a false and fraudulent income and declared value excess profits tax return and a false and fraudulent excess profits tax return, each and both with intent to defeat or evade the payment of taxes justly due; that such returns were false and fraudulent in that Pioneer Mills, Inc. wilfully and knowingly with intent to defeat or evade the payment of taxes understated taxable income shown on the returns by understating sales by $260,705.88, overstating purchases by $118,896.27, and overstating other items of cost by $17,635.41; and that the taxes were thereby understated by many thousands of dollars. In such answer it was alleged that Pioneer Mills, Inc. similarly understated taxable income for 1944 by understating sales by $589,883.45, overstating purchases by $78,562.97, and by overstating other costs and expenses by $11,219.27, resulting in understatement *65 of taxes by many thousands of dollars, and that such returns were false and fraudulent with intent to defeat or evade the payment of taxes. In such answer it was further alleged that all or part of each of the deficiencies in declared value excess profits tax and excess profits tax for the taxable years 1943 and 1944 is due to fraud with intent to evade tax, and that Pioneer Mills, Inc. is liable for the 50% addition to the deficiencies in tax as provided by statute. The petitioners, Philip Plotnick and Esther Plotnick, by motion admitted these allegations. It is, therefore, found as a fact that the income and declared value excess profits tax return and the excess profits tax return of Pioneer Mills, Inc. for the years 1943 and 1944 were false and fraudulent with intent to evade tax, and that a part of the deficiency in each of those taxes for each year is due to fraud with intent to evade tax. In the answer in each of Docket Nos. 15390 and 15392, it is stated that subsequent to the accrual of such taxes and penalties the petitioner, as a stockholder or otherwise, for his own use and benefit and without consideration, withdrew from Pioneer Mills, Inc. assets in cash or otherwise, *66 in excess of the amount of the deficiencies in taxes and penalties involved, together with interest thereon, and that by reason of such withdrawals Pioneer Mills, Inc. became and ever since has been insolvent and without assets with which to satisfy the liabilities for taxes and penalties in question; and that petitioner is liable at law and in equity as transferee of the assets of Pioneer Mills, Inc. for the deficiencies in taxes and penalties involved in these proceedings, together with interest thereon as provided by law. The petitioners, Philip Plotnick and Esther Plotnick, having by motion admitted all these allegations, it is held that they are liable as transferees for taxes and penalties of Pioneer Mills, Inc. as set forth in the notices of deficiency, together with interest as provided by law. Decisions will be entered for the respondent. Footnotes
*. The following proceedings are consolidated herewith: Esther Plotnick, Transferee, Docket No. 15390; Philip Plotnick and Esther Plotnick, Individually and as Husband and Wife, Docket No. 15391; and Philip Plotnick, Transferee, Docket No. 15392.↩